IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | CR 04-108-2 PHX MHM |
| | ) | CV 05-4204 PHX MHM (VAM) |
| v. | ) | |
| | ) | |
| Saul Bueno-Lopez, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendant/Movant. | ) | |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE.

    Saul Bueno-Lopez (movant), currently confined at the Federal Correction Complex, Victorville, CA, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255. (Doc. 95). Movant raises four grounds for relief in the Motion. In response, respondent filed a Motion to Dismiss Defendant's § 2255 Motion. (Doc. 101). Movant has filed no response to the Motion to Dismiss.

BACKGROUND

    On January 31, 2004, defendant/movant Bueno-Lopez was arrested and charged by Complaint with hostage taking, 18 U.S.C. § 1203. (Doc. 1). On February 4, 2004, an Indictment was returned against defendant and his two co-defendants, also charging hostage taking in violation of 18 U.S.C. § 1203. (Doc. 20). Counsel was appointed for defendant. (Doc. 19). An arraignment was conducted. (Doc. 22). On June 3, 2004, a Motion

for a Settlement Conference was filed by defendant's counsel. (Doc. 36). The Motion was granted and a settlement conference was held in front of Magistrate Judge Anderson. (Docs. 37, 41).

On September 29, 2004, an Information was filed as to this defendant charging possession of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (Doc. 48). The Information was filed because defendant waived the Indictment and consented to the filing of the Information in furtherance of his plea. (Docs. 50, 52). The potential plea was referred by Judge Murguia to Judge Anderson and defendant consented to proceed before the Magistrate Judge. (Docs. 51, 52, 53). The change of plea took place on October 7, 2004 in front of Magistrate Judge Anderson and defendant entered a guilty plea to the Information. (Doc. 52). On December 20, 2004, defendant was sentenced to ninety months in prison, three months of supervised release, the fine was waived and a special assessment of $100 was ordered. (Doc. 57).

On December 22, 2005, defendant filed a timely Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 95). Because the Motion to Vacate Sentence was described by movant as a "bare bones motion" to be followed up with an amended motion, movant was granted thirty days to file an amended motion and provide specifics as to his claims. Mr. Bueno-Lopez was advised that if he failed to file an amended motion, the "bare bones motion" would be served on plaintiff and the Court would proceed on the basis of the initial Motion to Vacate. (Doc. 96). Defendant did not file an amended motion and the Court

proceeded with service of the original Motion to Vacate.  (Doc. 97).  On August 25, 2006, respondent filed a Motion to Dismiss the Motion to Vacate, Set Aside, or Correct Sentence.  (Doc. 101).

<u>MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE</u>

The Motion to Vacate, Set Aside, or Correct Sentence filed by movant contains four claims.  (Doc. 95 at pp. 5-6).  In Ground One, movant states his conviction violates the Constitution and laws of the United States because his trial attorney was ineffective in assisting him.  Ground One also states "this argument will be litigated in an amended motion since this is a 'bare bones 2255 motion.'"  Since the Motion to Vacate has not been amended, the Court has no specifics in this ground as to why movant believes his trial attorney was ineffective.

In Ground Two, movant alleges his conviction is in violation of Rule 32, F.R.Crim.P., and more specifically Rule 32(i) "since trial attorney was ineffective in rendering his assistance.  This first motion is a 'bare bones motion' and will be argued on Rule 15 amended motion, if granted."  Since no amended motion to vacate was filed, this is all the information the Court has on Ground Two.

In Ground Three, movant states his sentence is based on inaccurate information.  He further states this is a "bare bones motion."  He says his counsel committed error "by not objecting to some of the information at sentencing violating Rule 32(c)(3)(D), F.R.Crim. P."

In Ground Four, movant says his lawyer rendered ineffective assistance of counsel at all stages of the proceedings.  More

3

specifically, movant states his trial counsel never informed him of the elements of the offense, the essence of the plea agreement he was signing, did not explain "the situation to him" or "the consequences of his entering into a plea agreement." Later he states that the change of plea proceeding was not knowing as his counsel did not fully explain things to him, the consequences of pleading guilty and what rights he would be losing. (Doc. 95 at p. 6).

Movant's plea agreement contained a waiver of the right to appeal or to collaterally attack his conviction and sentence. (Doc. 58 at pp. 3-4). Of course, this same plea agreement contains a recitation that movant understands all of the plea agreement, it has been explained to him by his counsel, he understands the rights he will be giving up, the elements of the offense, and that he wishes to give up these rights knowingly and plead guilty. Id. If knowing and voluntary, the waiver of the right to appeal or collaterally attack a conviction and sentence is binding. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S. 979 (1993). However, movant contends that he did not know what he was giving up in the plea agreement and did not understand the plea agreement. In this context, movant must be allowed to bring a motion to vacate, set aside, or correct sentence based on ineffective assistance of counsel that implicates the voluntariness of the waiver of collateral attack. Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005). In addition, the United States Supreme Court has held:

4

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [not within the range of competence demanded of attorneys in criminal cases] . . .

Tollett v. Henderson, 411 U.S. 258, 265 (1973); see also United States v. Reyes-Platero, 224 F.3d 1112, 1115 (9th Cir. 2000).

Each of movant's grounds set forth in the Motion to Vacate appear to imply that his guilty plea was not knowing, intelligent and voluntary. Therefore, the Court will proceed to address movant's Motion to Vacate and the United States' Motion to Dismiss.

### A.   Standard to be applied

Claims of ineffective assistance of counsel are analyzed pursuant to Strickland v. Washington, 466 U.S. 668 (1984). In order to prevail on such a claim, the movant must show:

> 1. Counsel's representation fell below the objective standard of reasonableness and
>
> 2. There is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.

Strickland, 466 U.S. at 687-88, 694; see also United States v. Thornton, 23 F.3d 1532, 1533 (9th Cir. 1994)(per curiam); United States v. Solomon, 795 F.2d 747, 749 (9th Cir. 1986).

This two-pronged test--deficient performance and prejudice--poses a mixed question of law and fact. Strickland, 466 U.S. at 698; Thompson v. Calderon, 86 F.3d 1509, 1515 (9th Cir. 1996). A

5

court hearing an ineffective assistance claim must consider the totality of the evidence with an eye toward the ultimate issue of whether counsel's conduct so undermined the functioning of the adversarial process that the proceeding lacked fundamental fairness. Strickland, 466 U.S. at 686; Card v. Dugger, 911 F.2d 1494 (11th Cir. 1990)(observing that counsel cannot be labeled ineffective for failing to raise issues which have no merit). Reasonableness is judged from counsel's perspective at the time of the alleged error in light of all the circumstances. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986); Strickland, 466 U.S. at 689.

Deficient performance is one in which counsel's errors were so great he or she was not functioning as the counsel guaranteed by the Sixth Amendment. Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir. 1986). To prove such ineffectiveness, movant must demonstrate that counsel's errors were "outside the wide range of professionally competent assistance, and that the deficient performance prejudiced the defense." United States v. Houtchens, 926 F.2d 824, 828 (9th Cir. 1991)(quoting Strickland, 466 U.S. at 687-90). There is a strong presumption counsel's conduct might be considered sound trial strategy. United States v. Quinterro-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995), cert. denied, 519 U.S. 848 (1996); United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1991).

When assessing prejudice within the context of an allegation that ineffective assistance of counsel rendered the guilty plea invalid, the second prong of the Strickland test is modified. In addition to showing counsel's performance fell below the objective

6

standard of reasonableness, to establish prejudice, movant must show "that there is a reasonable probability that but for counsel's errors [he] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58 (1985); see also United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir. 1996), cert. denied, 520 U.S. 1132 (1997).

In short, the court's scrutiny is highly deferential and every effort should be made to eliminate the distorting effects of hindsight. Kimmelman, 477 U.S. at 381; United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir. 1991)("The performance standard is to be applied not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented."), cert. denied, 502 U.S. 1079 (1992); Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991). Moreover, cursory allegations that are purely speculative cannot support a claim of ineffective assistance of counsel. Shah v. United States, 878 F.2d 1156, 1161 (9th Cir.), cert. denied, 493 U.S. 869 (1989).

B.  Facts Pertaining to Movant's Claims

The transcript of movant's change of plea proceeding and sentencing are found in Document 100. That transcript reflects that movant's change of plea occurred on October 7, 2004. The transcript reflects that the Magistrate Judge informed movant that this was an important proceeding for him and that he needed to let the Judge know if he did not understand any of the information. (Doc. 100 at pp. 2-3). Movant was placed under oath and the Court explained to defendant what it meant to be under oath. (Id. at

7

pp. 4, 5). Movant indicated he wanted to plead guilty and that he had no problem understanding his lawyer's Spanish. He indicated he understood the rights he would be giving up as they were recited to him by the Court. (Id. at pp. 5, 8-10). He indicated he understood that he would not be able to appeal or collaterally attack his conviction and sentence. (Id. at p. 10). Movant indicated his lawyer went through the entire plea agreement with him in Spanish and that he understood the plea agreement. (Id. at pp. 12-24). Movant indicated he understood under the plea agreement he would be sentenced to at least seven years and that he understood the sentencing guidelines and procedures as explained by his lawyer. (Id. at pp. 14, 17-19). The Court then went through the elements of the crime which are also set out in the plea agreement. (Id. at p. 25). The Court went through and established a factual basis for the plea. (Id. at pp. 26-28). Movant entered a plea of guilty and said that he was pleading guilty because he was in fact guilty of the crime. (Id. at p. 28). The Magistrate Judge entered findings with regard to the guilty plea. (Id. at p. 28 and Doc. 53). Movant then indicated he understood all of the Judge's questions during the change of plea and that he had no additional questions for the Court. (Id. at pp. 29-30).

At his sentencing, movant stated he remembered the change of plea proceeding and that he had no questions for the district judge before his sentencing. (Id. at pp. 31-32). Movant specifically indicated he had no questions of the district court judge regarding his plea agreement or the change of plea. (Id.).

Movant indicated that the pre-sentence report was explained to him by his lawyer and defense counsel stated on the record that he read the entire pre-sentence report to the defendant. (<u>Id.</u> at pp. 32-33). Defendant reiterated that he understood there was a statutory minimum mandatory sentence of seven years. (<u>Id.</u> at p. 34). Defense counsel then explained to the Court movant's extenuating circumstances and how he became involved in the crime and made a plea for leniency. (<u>Id.</u> at pp. 34-36). When asked by the Court, movant indicated he did wish to make a statement and apologized for his conduct. (<u>Id.</u> at p. 36). The attorney representing the United States then stated on the record the substantial benefit that movant received from the plea agreement when the Government gave up (dismissed) the hostage taking charge. Counsel for the Government talked about how movant's co-defendants abused the aliens during the hostage taking and kidnaping. The Court then sentenced movant to ninety months (seven and one-half years), waived the fine and required three years of supervised release and a $100 special assessment. (<u>Id.</u> at p. 38). The Court then dismissed the Indictment which charged hostage taking as to this defendant. (<u>Id.</u> at p. 41). In short, the Court gave movant the full benefit of his bargain in the plea agreement. Further, movant received a sentence of only six months more than the minimum mandatory.

### C. Grounds One and Four Alleged by Movant

In Grounds One and Four, movant alleges ineffective assistance of counsel. Ground One contains no specifics. Ground Four states that his trial counsel was ineffective because he did

9

not tell him of the elements of the offense, explain the plea agreement to him, explain his situation to him or the consequence of entering into a plea agreement. After that on page 6 of the Motion to Vacate, movant states that his plea was not knowing because his counsel did not fully explain the consequences of pleading guilty and what rights he would be losing. None of these allegations have any basis in fact or law.

During the change of plea, the Court explained the elements, the plea agreement, the rights he would be giving up by entering into the guilty plea, established that he was competent and established that movant understood his lawyer's Spanish and understood the plea agreement. Under oath, movant indicated to the Court at the change of plea that he understood the plea agreement, understood his lawyer, had no questions, understood his rights, understood the sentencing range and had absolutely no questions for the Court. At sentencing, movant indicated he understood the change of plea proceeding, the plea agreement and had absolutely no questions for the district court judge regarding his plea agreement or the change of plea. (Id. at pp. 31-32). There is absolutely nothing in the record to support an allegation that the plea of guilty was not knowing, intelligent and voluntary. Movant's "bare bones" allegations are completely unsupported. There is nothing to show that defense counsel's representation fell below the objective standard of reasonableness. In addition, movant does not allege and there is nothing to support an inference that but for the allegations he would not have entered into the guilty plea. See United States v.

10

Dominguez Benitez, 124 S.Ct. 2333 (2004) (defendant must show a reasonable probability that, but for error in the change of plea, he would not have entered into the guilty plea).  In short, movant has met neither requirement of Strickland v. Washington, 466 U.S. 668 (1984).  Grounds One and Four should be denied.

    D.   Ground Two

In Ground Two, movant alleges that his conviction is based on a violation of Rule 32(i), F.R.Crim.P.  He also throws in an allegation that his lawyer was ineffective.  However, Rule 32(i), F.R.Crim.P., sets forth the requirements of the Court at sentencing.  The first part of this Rule requires the Court to establish that the defendant and his attorney have read and discussed the pre-sentence report, allow objections to the report and allow the parties to know any information that the Court is considering that is excluded from the report.  Next, if there are objections, the Rule requires that the Court allow the parties to introduce evidence on the objections.  Then the Rule requires that if there are objections to the report, the Court must resolve those objections.  Finally, the Rule requires that the Court allow counsel and defendant to speak at sentencing.

The transcript from the sentencing establishes that all of these requirements have been met.  The entire pre-sentence report was read to movant by his lawyer.  (Doc. 101 at pp. 32, 33).  There were no objections to the pre-sentence report so there was no need to introduce evidence or resolve those objections.  (Doc. 100 at p. 33).  Further, the transcript establishes that both counsel and defendant were provided an opportunity to speak at

sentencing and did in fact make a statement to the Court. (Doc. 100 at pp. 34-38). The Court then sentenced movant within the sentencing range stipulated to in the plea agreement. The Court also dismissed the Indictment as required by the plea agreement. (Doc. 100 at pp. 38, 41).

There is nothing in the record to support any variance from the requirements of Rule 32(i), F.R.Crim.P., and nothing to suggest that counsel did not fulfill his obligations. Ground Two must be denied.

### E.  Ground Three

In Ground Three movant states he was sentenced on the basis of inaccurate information and that his counsel committed error by not objecting to some of the information at sentencing. (Doc. 95 at p. 5). Movant does not state what information was inaccurate or in error and what his lawyer should have objected to. This is a "bare bones" motion. As a result, movant has not set forth sufficient information for the Court to analyze this allegation. There were no objections to the pre-sentence report. Movant acknowledged that he knew what was in the pre-sentence report and his lawyer stated on the record that he read the entire report to him. In addition, defense counsel stated on the record at sentencing that he and his client "never had a moment's problem." (Doc. 100 at p. 34). When movant was given an opportunity to speak, all he did was apologize for committing the crime. (Doc. 100 at p. 36). Movant indicated he had no questions about the plea agreement or the change of plea or the pre-sentence report. As a result, there is no basis for granting a Motion to Vacate,

12

Set Aside, or Correct Sentence based on the allegations in Ground Three.  Movant has not carried his burden of showing ineffective assistance at any stage of the proceedings nor has he established any irregularity or violation of Rule 32 during sentencing.  The transcript of the change of plea and sentencing established no irregularities, no reason to suspect ineffective assistance of counsel and in fact established that movant understood his plea agreement, wanted to plead guilty and understood the information at sentencing.

**IT IS THEREFORE RECOMMENDED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be denied. (Doc. 95).

**IT IS FURTHER RECOMMENDED** that the Motion to Dismiss Defendant's Motion to Vacate, Set Aside, or Correct Sentence be denied and the Court rule on the merits of the Motion.  (Doc. 101).

This recommendation is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal filed pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's order and judgment.  The parties shall have ten (10) days from the date of service of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties shall have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues

13

and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 1st day of November, 2006.

*Virginia A. Mathis*
Virginia A. Mathis
United States Magistrate Judge

14