IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  )<br>  )<br>Plaintiff/Respondent,  )<br>  )<br>vs.  )<br>  )<br>Saul Bueno-Lopez,  )<br>  )<br>Defendant/Movant.  )<br>_____) | No. CR 04-108-2-PHX-MHM<br>No. CIV 05-4204-PHX-MHM (VAM)<br><br>**ORDER** |

Movant Saul Bueno-Lopez ("Movant" or "Defendant") has filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Dkt.#95). The Respondent filed a Motion to Dismiss the Movant's § 2255 Motion. (Dkt.#101). The matter was referred to Magistrate Judge Virginia A. Mathis who has issued a Report and Recommendation that recommends that Movant's Motion be denied on the merits. (Dkt.#102). Neither Party has filed any objection to the Report and Recommendation.

**STANDARD OF REVIEW**

The district court must review the Magistrate Judge's findings and recommendations de novo if objection is made but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc). See 28 U.S.C. § 636(b)(1)(C)("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). "Failure to object to a magistrate judge's

recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

**DISCUSSION**

The Court has considered the pleadings and documents of record in this case and finds itself in agreement with the Magistrate Judge that the Motion be denied. On February 4, 2004, an Indictment was returned against Defendant charging him with hostage taking in violation of 18 U.S.C. § 1203. (Dkt.#20). Counsel was appointed for Defendant. (Dkt.#22). On September 29, 2004, an Information was filed charging Defendant with possession of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (Dkt.#48). The Information was filed because Defendant waived the indictment and consented to the filing of the Information in furtherance of his plea. (Dkt.#50,52). This Court referred the change of plea to Magistrate Judge Lawrence O. Anderson and Defendant consented to proceed before the Magistrate Judge. (Dkt.#51,52,53). The change of plea occurred on October 7, 2004 and Defendant entered a plea of guilty. (Dkt.#52). Defendant was sentenced by this Court on December 20, 2004, to ninety months in prison, three months of supervised release, and a special assessment of $100.00 was ordered. (Dkt.#57). Defendant then filed a timely Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Dkt.#95). Defendant described the Motion as a "bare bones motion" to be followed with an amended motion; as such, Magistrate Judge Mathis granted Defendant thirty days to file any amended motion and that if Defendant failed to file any amended motion within such time, the Court would proceed on the basis of the initial Motion. (Dkt.#96). Defendant did not file any amended Motion, thus the Court has proceeded on the original Motion.

In reviewing the merits of Movant's Motion, the Court agrees with the Magistrate that Movant's "bare bones" claims are without merit. As to Ground One, Movant broadly states his conviction violates the Constitution and laws of the United States because his trial attorney was ineffective in assisting him. Movant raises a similar claim in Ground Four, stating that his lawyer rendered ineffective assistance of counsel at all stages of the proceeding by not

1  informing him of the elements of the offense, the essence of the plea agreement, and not
2  explaining the situation to him or the consequences of his entering the plea agreement.
3  Movant also states that the change of plea proceeding was not knowing as counsel did not
4  fully explain things to him, the consequences of pleading guilty and what rights he was losing.
5  (Dkt.#95, p. 6).  However, a plain review of the record, simply does not support Movant's
6  claims. For example, during the change of plea hearing, the Court explained the elements, the
7  plea agreement, the rights he would be giving up by entering a plea of guilty.  Moreover,
8  Movant indicated to the Court that he understood the plea, understood his lawyer, had no
9  questions, understood his rights, understood the sentencing range and had no questions for the
10 Court. Similarly, at sentencing, Movant again indicated he understood the change of plea, the
11 plea agreement and had no questions for the court.  (Dkt.#100, pp.31-32).  Thus, there is
12 nothing to suggest that Defendant's counsel fell below an objective standard of
13 reasonableness, Strickland v. Washington, 466 U.S. 668 (1984), or that but for the allegations
14 he would have not entered the guilty plea. United States v. Dominguez Benitez, 124 S.Ct.
15 2333 (2004).  As such, these grounds for relief are without merit.

16 With respect to Ground Two, Movant alleges that his conviction is based on a violation
17 of Rule 32(i) of the Federal Rules of Criminal Procedure and again that his counsel was
18 ineffective.  However, this claim is without merit as a plain reading of the sentencing
19 transcript establishes that all of the requirements of this rule were satisfied. (Dkt.#100, pp.32-
20 41).

21 Lastly, with respect to Ground Three, Movant alleges that he was sentenced on the
22 basis of inaccurate information and his counsel committed error by not objecting to some of
23 the information at sentencing.  (Dkt.#95, p.5).  Based upon the limited information asserted
24 by Movant and a review of the sentencing transcript, the Movant's claim is unsupported and
25 without merit.

26 / / /

27

28

**Accordingly,**

**IT IS HEREBY ORDERED** adopting in full the Report and Recommendation of the Magistrate Judge. (Dkt.#102).

**IT IS FURTHER ORDERED** denying the Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Dkt.#95).

**IT IS FURTHER ORDERED** denying the Motion to Dismiss Defendant's Motion to Vacate, Set Aside, or Correct Sentence. (Dkt.#101).

DATED this 12th day of February, 2007.

_____
Mary H. Murguia
United States District Judge

- 4 -